NO. 07-08-0033-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 18, 2008

_____

DAVID SOLIS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF POTTER COUNTY;

NO. 2007-417,788; HON. CECIL G. PURYEAR, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, David Solis, appeals his convictions and sentences for two counts of aggravated assault with a deadly weapon and one count of assault on a family member. Appellant was sentenced to 15 years incarceration in the Texas Department of Criminal Justice, Institutional Division, for each of the aggravated assault with a deadly weapon convictions and was sentenced to 10 years incarceration for the assault on a family member conviction. Each of these sentences are to run concurrently. We affirm.

## Background

On or about January 3, 2007, appellant and his girlfriend, Fransisca Ramirez, got into an argument. As the argument escalated, appellant began hitting Ramirez with his hands. He, subsequently, began hitting her with a belt buckle that was attached to the end of a belt. Appellant's use of the belt and belt buckle caused scratching, cutting, and bruising on Ramirez's torso, arms, and legs. After things started to calm down, appellant pulled out a small knife and held it against Ramirez's neck. The following morning, appellant again started hitting Ramirez with the belt buckle and belt. Following these events, Ramirez went to work and, later that afternoon, went to visit her mother, where a family member called the police.

At trial, the officer that responded to the call, Joe Pinson, testified. Pinson testified that he was a certified police officer with the Slaton Police Department for 13 years. He testified that he spoke with Ramirez about the incident in the afternoon following its occurrence and photographed her injuries. Based on information he received from Ramirez as well as his personal observation of Ramirez's injuries, Pinson testified about the manner in which appellant had used the belt and belt buckle. Over appellant's objection, Pinson testified that a belt and belt buckle used in the manner in which appellant used them would be considered a deadly weapon.

By one issue, appellant challenges the judgment. Appellant's sole issue contends that the trial court erred in overruling appellant's objection that Pinson testified as an expert

witness regarding what constitutes a deadly weapon without the State designating Pinson as an expert witness in accordance with the trial court's local rules.

Analysis

Appellant contends that the trial court erred in overruling his objection to Pinson testifying as an expert when the State failed to provide notice of its intent to offer his expert testimony, as required by the local rules of the court.[1] According to appellant's brief, under "the local rules of the 137th District Court of Lubbock County[,] both Defense and Prosecution are required to give notice to the other if they plan to call an expert witness to the stand during trial." However, appellant does not provide a verifiable citation to this purported local rule and no copy of the purported local rule is included in the record or attached to appellant's brief. Our review of the local rules applicable to the Lubbock County District Courts does not include any rule which requires designation of expert witnesses. See Local Administrative Rules of the District Courts and County Courts-At-Law of Lubbock County, Texas, http://www.co.lubbock.tx.us/DClerk/PDF/localrules.pdf; Local Procedural Rules, Criminal Cases, Lubbock County, Texas (2004), http://www.co.lubbock.tx.us/DCrt/PDF/LocalProceduralRules.pdf; Lubbock County Local Fair Defense Act Plan and Rules Sections of the Local Administrative Rules (2004), http://www.co.lubbock.tx.us/DCrt/PDF/FairDefenseActAmen.pdf. Without substantive argument or supporting authorities, an issue cannot be adequately evaluated, and will be

---

[1] Because appellant's sole issue relates only to the procedural requirements for offering expert testimony, we need not and, therefore, do not express any opinion regarding whether Pinson's testimony was, in fact, expert opinion testimony.

overruled. TEX. R. APP. P. 38.1(h); <u>Lagrone v. State</u>, 942 S.W.2d 602, 614 (Tex.Crim.App. 1997). As appellant's sole citation to supporting authority is to a purported local rule that cannot be verified by this Court, we overrule appellant's issue.

We are, however, mindful that the Texas Code of Criminal Procedure provides,

> On motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party . . . .

TEX. CODE CRIM. PROC. ANN. art. 39.14(b) (Vernon 2005). The objection appellant raised at trial to Pinson's testimony was that, "He wasn't designated, based on the Court's order that they designate their experts, if he is going to make an expert opinion as to what is or is not a deadly weapon. And I would object to that for lack of notice." However, a review of the clerk's record reveals neither a motion for identification of expert witnesses nor an order from the trial court requiring the State to designate expert witnesses. Thus, there is nothing in the record to indicate that the State was under any obligation to designate any expert witness that it intended to call at trial.

However, even were we to find that the trial court's ruling was in error because it violated a local rule, trial counsel objected on the basis that Pinson's testimony violated a prior order of the trial court. If the complaint on appeal does not correlate to the objection made at trial, the complainant has not preserved error. TEX. R. APP. P. 33.1(a); <u>Thomas v. State</u>, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986). Because appellant's argument on

4

appeal does not comport with the objection raised at trial, any error in the State's failure to designate Pinson as an expert witness was not preserved.

Conclusion

For the foregoing reasons, we overrule appellant's sole issue.


Mackey K. Hancock
Justice

Do not publish.